UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MONTANA R. HARRIS,

    Plaintiff,

v.

N. LARGOZA, et al.,

    Defendants.

No. 2:19-cv-0788-EFB P

ORDER

Plaintiff, a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983, seeks leave to proceed in forma pauperis. ECF No. 2.

## Application to Proceed In Forma Pauperis

Plaintiff's application makes the showing required by 28 U.S.C. § 1915(a)(1) and (2). Accordingly, by separate order, the court directs the agency having custody of plaintiff to collect and forward the appropriate monthly payments for the filing fee as set forth in 28 U.S.C. § 1915(b)(1) and (2).

## Screening Standards

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint "is frivolous, malicious, or fails to state a claim upon which

relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." *Id.* § 1915A(b).

A pro se plaintiff, like other litigants, must satisfy the pleading requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a)(2) "requires a complaint to include a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 554, 562-563 (2007) (citing *Conley v. Gibson*, 355 U.S. 41 (1957)). While the complaint must comply with the "short and plaint statement" requirements of Rule 8, its allegations must also include the specificity required by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

To avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555-557. In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Iqbal*, 556 U.S. at 678.

Furthermore, a claim upon which the court can grant relief must have facial plausibility. *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, *Erickson v. Pardus*, 551 U.S. 89 (2007), and construe the complaint in the light most favorable to the plaintiff, *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974).

<u>Screening Order</u>

Plaintiff's complaint (ECF No. 1) alleges denial of medical care in violation of the Eighth Amendment and names Dr. Largoza and Nurse Baumert as defendants. According to its scant allegations, Largoza denied plaintiff an unspecified knee treatment that had been recommended by another doctor in May of 2017. As discussed below, these allegations are too vague to survive screening.

To establish deliberate indifference for purposes of an Eighth Amendment claim, a claimant must allege that: (1) he had a serious medical need; and (2) that defendant's response to that need was deliberately indifferent. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012). "Prison officials are indifferent to prisoners' serious medical needs when they deny, delay, or intentionally interfere with medical treatment." *Hamilton v. Endell*, 981 F.2d 1062, 1066 (9th Cir. 1992). To establish deliberate indifference with respect to a physician's treatment decision, a plaintiff must allege that "the course of treatment the doctors chose was medically unacceptable under the circumstances, and the plaintiff must show that they chose this course in conscious disregard of an excessive risk to plaintiff's health." *Jackson v. McIntosh*, 90 F.3d 330, 332 (9th Cir. 1996) (internal citations and quotation marks omitted). Mere differences of medical opinion are insufficient to establish deliberate indifference. *See Sanchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989) ("At most, Sanchez has raised a difference of medical opinion regarding his treatment. A difference of opinion does not amount to a deliberate indifference to Sanchez' serious medical needs."). Plaintiff's complaint utterly fails to make such a showing as to either defendant. In any amended complaint plaintiff should allege what the recommended treatment was, why Largoza denied it, and how the denial caused him harm. Plaintiff must also allege how Baumert was involved in the violation of plaintiff's rights, if at all.

### Leave to Amend

Plaintiff will be given an opportunity to amend his complaint. He is cautioned that any amended complaint must identify as a defendant only persons who personally participated in a substantial way in depriving him of his constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978) (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation). Plaintiff may also include any allegations based on state law that are so closely related to his federal allegations that "they form the same case or controversy." *See* 28 U.S.C. § 1367(a).

The amended complaint must also contain a caption including the names of all defendants. Fed. R. Civ. P. 10(a).

Plaintiff may not change the nature of this suit by alleging new, unrelated claims. *See George,* 507 F.3d at 607. Nor, as he was warned above, may he bring multiple, unrelated claims against more than one defendant. *Id.*

Any amended complaint must be written or typed so that it so that it is complete in itself without reference to any earlier filed complaint. E.D. Cal. L.R. 220. This is because an amended complaint supersedes any earlier filed complaint, and once an amended complaint is filed, the earlier filed complaint no longer serves any function in the case. *See Forsyth v. Humana*, 114 F.3d 1467, 1474 (9th Cir. 1997) (the "'amended complaint supersedes the original, the latter being treated thereafter as non-existent.'") (*quoting Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967)).

Any amended complaint should be as concise as possible in fulfilling the above requirements. Fed. R. Civ. P. 8(a). Plaintiff should avoid the inclusion of procedural or factual background which has no bearing on his legal claims. He should also take pains to ensure that his amended complaint is as legible as possible. This refers not only to penmanship, but also spacing and organization. Plaintiff should carefully consider whether each of the defendants he names actually had involvement in the constitutional violations he alleges. A "scattershot" approach in which plaintiff names dozens of defendants will not be looked upon favorably by the court.

## Conclusion

Accordingly, it is ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) is GRANTED;
2. Plaintiff shall pay the statutory filing fee of $350. All payments shall be collected in accordance with the notice to the California Department of Corrections and Rehabilitation filed concurrently herewith;
3. Plaintiff's complaint (ECF No. 1) is dismissed with leave to amend within 30 days of service of this order; and

/////

/////

/////

4

4. Failure to file an amended complaint that complies with this order may result in the dismissal of this action for the reasons stated herein.

DATED: February 11, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE